

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**July 28, 2025 12:24**

By: TAUREAN J. SHATTUCK 0097364

Confirmation Nbr. 3567389

STEVE BOZSA                                    CV 25 121602

vs.
                                               **Judge:** CASSANDRA COLLIER-WILLIAMS
MICROBAC LABORATORIES, INC.

**Pages Filed:** 13

**EXHIBIT A**

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| STEVE BOZSA<br>16615 Delaware Avenue<br>Lakewood, Ohio 44107 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| MICROBAC LABORATORIES, INC.<br>3060 Eggers Avenue<br>Cleveland, Ohio 44105 | )<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve also:**<br>Microbac Laboratories, Inc.<br>c/o Corporation Service Company<br>1160 Dublin Road, Suite 400<br>Columbus, Ohio 43215 | )<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

Plaintiff, Steve Bozsa, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

**PARTIES AND VENUE**

1. Bozsa is a resident of the city of Lakewood, county of Cuyahoga, state of Ohio.

2. Microbac Laboratories, Inc. ("Microbac") is a foreign corporation that contracted employees to work at a business located at 3060 Eggers Avenue in Cleveland, Ohio.

3. Microbac was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq.*

4. Microbac was at all times hereinafter mentioned an employer within the meaning of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

5. All of the material events alleged in this Complaint occurred in Cuyahoga County.



**EXHIBIT A**

6. Within 300 days of the conduct alleged below, Bozsa filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), against Defendant.

7. On or about April 28, 2025, the EEOC issued and mailed a Notice of Right to Sue letter to Bozsa regarding the Charge of Discrimination brought by Bozsa.

8. Bozsa received his Right to Sue letter from the EEOC in accordance with R.C. § 4112.052.

9. Bozsa has properly exhausted his administrative remedies pursuant to R.C. § 4112.051.

10. Bozsa has timely filed this Complaint within the relevant statute of limitations pursuant to R.C. § 4112.052.

11. Therefore, personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1) and (4).

12. Venue is proper pursuant to Civ. R. 3(C)(3)&(6).

13. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

14. Bozsa is a former employee of Microbac.

15. Bozsa began working for Microbac on or around January 1, 2023.

16. Microbac employed Bozsa as a Field Technician.

17. At all times material herein, Bozsa was qualified for his position.

18. In or around January 2024, Bozsa began suffering from serious health issues ("Serious Medical Issues").

19. The Serious Medical Issues constituted physical impairments.

20. The Serious Medical Issues substantially limited Bozsa's major life activities, including concentrating, communicating, and working.



21. As a result of suffering from the Serious Medical Issues, Bozsa is disabled.

22. Alternatively, Microbac perceived Bozsa to be disabled.

23. Despite any real or perceived disabilities, Bozsa was capable of performing his essential job requirements, with or without reasonable accommodation.

24. Notwithstanding the physically demanding nature of his work, Bozsa never complained nor received any discipline prior to his termination.

25. As Bozsa's condition deteriorated and testing was delayed for the Serious Medical Issues, Bozsa contacted Microbac Vice President Ron Misiunas on February 13, 2024, to request reasonable accommodations and medical leave under the FMLA.

26. Microbac is subject to the provisions of the FMLA.

27. As of February 13, 2024, Bozsa qualified for protected leave under the FMLA.

28. As of February 13, 2024, Bozsa worked for Microbac for at least 12 months.

29. As of February 13, 2024, Bozsa had at least 1,250 hours of service for Microbac during the previous 12 months.

30. As of February 13, 2024, Bozsa was entitled to utilize FMLA leave for his Serious Medical Issues.

31. Misiunas was Bozsa's supervisor.

32. During all material events asserted herein, Misiunas has and/or had authority to hire, fire, and/or discipline employees.

33. Bozsa put Misiunas, and therefore Microbac, on notice of his disabilities.

34. During his conversation with Misiunas, Bozsa provided medical documentation regarding his Serious Medical Issues.

35. Bozsa's request for FMLA leave was approved.



36. While out on FMLA leave, Misiunas and Human Resources Representative Sarah Angelhoff assured Bozsa that he would be "fully protected" during his FMLA leave period.

37. Despite these assurances and Bozsa's near-constant contact with Misiunas and Angelhoff, Misiunas began pressuring Bozsa to return to work before he was medically cleared to do so.

38. On March 12, 2024, after only four weeks of FMLA protected leave, Misiunas called Bozsa and asked if Bozsa would be returning to work by April 14, 2024.

39. Bozsa informed Misiunas that his doctors had not yet determined a diagnosis or treatment plan.

40. Bozsa offered several temporary solutions to assist Microbac during his absence, but Misiunas rejected them all.

41. Bozsa opposed Misiunas' actions as disability discrimination.

42. On or around March 13, 2024, Supervisor Dennis Durkalec called Bozsa to arrange the retrieval of Bozsa's company vehicle and to return Bozsa's personal belongings.

43. This confirmed for Bozsa that Microbac had terminated his employment.

44. Microbac violated the FMLA when it terminated Bozsa in retaliation for taking protected leave.

45. Durkalec claimed that Bozsa was not being fired because Bozsa had, admittedly, done nothing wrong.

46. Instead, Durkalec claimed that Bozsa was simply being "let go."

47. Microbac replaced Bozsa with a new employee the following day.

48. Upon information and belief, Microbac replaced Bozsa with an employee who did not belong to Bozsa's protected class based on age and disability.

49. Bozsa, at age 55, was a member of a statutorily-protected class under R.C. § 4112.01 *et seq.* at the time he was terminated from his employment with Microbac.



**EXHIBIT A**

50. Both Misiunas (around 48 years old) and Durkalec (around 51 years old), made specific and repeated comments about Bozsa's "advanced age" and its supposed impact on his ability to recover. ("Age Comments")

51. Specifically, during the termination conversation, Durkalec claimed that Misiunas said that due to Bozsa's age, he would "take too long to recover" from his disability.

52. These Age Comments were used as justification for terminating Bozsa's employment while he was still undergoing testing and treatment covered under the FMLA.

53. In stark contrast to Bozsa's treatment, Microbac hired a driver and a runner to assist Durkalec when he broke his ankle, so he could continue working.

54. Microbac's granting of Durkalec's accommodations demonstrated that Microbac was fully capable of providing accommodations when it wanted to.

55. Bozsa, who had requested accommodations well before his treatment plan was finalized, received no support from Microbac.

56. Instead, on or around March 13, 2024, Microbac terminated Bozsa.

57. Following Bozsa's termination, Microbac falsely claimed that Bozsa had abandoned his position.

58. In support of this assertion, Microbac claimed that it had spoken to Bozsa on May 1, 2024.

59. Microbac's claim of speaking with Bozsa on May 1 is demonstrably false, as Bozsa underwent surgery that day and was medically unable to communicate.

60. Microbac's fabricated claims were an attempt to retroactively justify Bozsa's termination and hide Microbac's illegal behavior.

61. Microbac's efforts to conceal its motives only strengthen the assertion that Bozsa was terminated because of his disability, age, and use of protected leave.



## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*
### (As To Defendant Microbac Only)

62. Bozsa restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

63. At all times material herein, Bozsa was qualified for his position as a Field Technician.

64. Bozsa suffers from the Serious Medical Issues.

65. The Serious Medical Issues constituted physical impairments.

66. The Serious Medical Issues substantially limited Bozsa's major life activities, including concentrating, communicating, and working.

67. As a result of suffering from the Serious Medical Issues, Bozsa is disabled.

68. Alternatively, Microbac perceived Bozsa to be disabled.

69. Despite any real or perceived disabilities, Bozsa was capable of performing his essential job requirements, with or without reasonable accommodation.

70. Bozsa put Microbac on notice of his Serious Medical Issues.

71. Microbac treated Bozsa differently than other similarly-situated employees based on his disabling condition.

72. Alternatively, Microbac treated Bozsa differently than other similarly-situated employees based on his perceived disabling condition.

73. On or about March 13, 2024, Microbac terminated Bozsa's employment without just cause.

74. Microbac terminated Bozsa's employment based his disability.

75. Alternatively, Microbac terminated Bozsa's employment based his perceived disability.

76. Microbac violated R.C. § 4112.01 *et seq.* when it discharged Bozsa based on his disability.

77. Alternatively, Microbac violated R.C. § 4112.01 *et seq.* when it discharged Bozsa based on his perceived disability.



EXHIBIT A

78. Microbac violated R.C. § 4112.01 *et seq.* by discriminating against Bozsa based on his disabling condition.

79. Alternatively, Microbac violated R.C. § 4112.01 *et seq.* by discriminating against Bozsa based on his perceived disabling condition.

80. Bozsa suffered emotional distress as a result of Microbac's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

81. As a direct and proximate result of Microbac's conduct, Bozsa suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT II: FAILURE TO ACCOMODATE UNDER R.C. 4112.01 *et seq.*
### (As To Defendant Microbac Only)

82. Bozsa restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

83. Bozsa informed Microbac of his Serious Medical Issues.

84. Bozsa requested accommodations from Microbac to assist with his disabilities, including time off of work.

85. Bozsa's requested accommodations were reasonable.

86. There was an accommodation available that would have been effective and would have not posed an undue hardship to Microbac.

87. Microbac initially provided Bozsa with a reasonable accommodation, but failed to continue to honor the accommodation request.

88. Microbac violated R.C. § 4112.01 *et seq.* by failing to honor Bozsa's continued accommodation request.

89. Bozsa suffered emotional distress as a result of Microbac's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*



**EXHIBIT A**

90. As a direct and proximate result of Microbac's conduct, Bozsa suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT III: AGE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*
(As To Defendant Microbac Only)

91. Bozsa restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

92. At all times relevant, Bozsa was qualified for his position as a Field Technician.

93. At all times relevant, Bozsa was a member of a statutorily-protected class under R.C. § 4112.01 *et seq.*

94. Microbac treated Bozsa differently from other similarly situated employees based on his age.

95. During his employment, both Misiunas and Durkalec made specific and repeated comments about Bozsa's "advanced age" and its supposed impact on his ability to recover from the Serious Medical Issues.

96. Bozsa, at age 55, was a member of a statutorily-protected class under R.C. § 4112.01 *et seq.* at the time he was terminated from her employment with Microbac.

97. Bozsa was terminated from his employment on or around March 13, 2024.

98. Upon information and belief, Microbac replaced Bozsa with a person who was significantly younger and/or not belonging to the protected class under R.C. § 4112.01 *et seq.*

99. Microbac violated R.C. § 4112.01 *et seq.* by discriminating against Bozsa based on his age.

100. Bozsa suffered emotional distress as a result of Microbac's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

101. As a direct and proximate result of the Microbac's conduct, Bozsa suffered and will continue to suffer damages, including economic and emotional distress damages.



**EXHIBIT A**

## COUNT IV: RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

102. Bozsa restates each and every prior paragraph of this complaint, as if it were fully restated herein.

103. As a result of the conduct described above, Bozsa opposed the disability discrimination he was experiencing.

104. Subsequent to Bozsa complaining of discrimination, Microbac terminated Bozsa's employment.

105. Microbac's actions were retaliatory in nature based on Bozsa's opposition to the unlawful discriminatory conduct.

106. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

107. Bozsa suffered emotional distress as a result of Microbac's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

108. As a direct and proximate result of Microbac's retaliatory discrimination against and termination of Bozsa, he suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT V: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

109. Bozsa restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

110. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

111. Microbac is subject to the provisions of the FMLA.



112. As of February 13, 2024, Bozsa qualified for protected leave under the FMLA.

113. As of February 13, 2024, Bozsa worked for Microbac for at least 12 months.

114. As of February 13, 2024, Bozsa had at least 1,250 hours of service for Microbac during the previous 12 months.

115. As of February 13, 2024, Bozsa was entitled to utilize FMLA leave for his Serious Medical Issues.

116. During his employment, Bozsa utilized protected FMLA leave.

117. Microbac unlawfully interfered with Bozsa's exercise of his rights under the FMLA in violation of Section 105 of the FMLA and section 825.220 of the FMLA regulations.

118. Microbac's act of requesting Bozsa to return to work prior to the exhaustion of his FMLA leave violated and interfered with Bozsa 's FMLA rights.

119. Microbac's act of terminating Bozsa's employment violated and interfered with Bozsa 's FMLA rights.

120. Microbac violated section 825.300(c)(1) of the FMLA and interfered with Bozsa 's FMLA rights when Microbac did not honor Bozsa's approved use of FMLA leave.

121. As a direct and proximate result of Microbac's conduct, Bozsa is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorneys' fees.

### COUNT VI: RETALIATION IN VIOLATION OF THE FMLA

122. Bozsa restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

123. Microbac is subject to the provisions of the FMLA.

124. As of February 13, 2024, Bozsa qualified for protected leave under the FMLA.



125. As of February 13, 2024, Bozsa worked for Microbac for at least 12 months.

126. As of February 13, 2024, Bozsa had at least 1,250 hours of service for Microbac during the previous 12 months.

127. As of February 13, 2024, Bozsa was entitled to utilize FMLA leave for his Serious Medical Issues.

128. During his employment, Bozsa utilized FMLA leave.

129. After Bozsa utilized his qualified FMLA leave, Microbac retaliated against him.

130. Microbac retaliated against Bozsa by terminating his employment.

131. Microbac willfully retaliated against Bozsa in violation of U.S.C. § 2615(a).

132. As a direct and proximate result of Microbac's wrongful conduct, Bozsa is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorneys' fees.

## DEMAND FOR RELIEF

WHEREFORE, Bozsa demands from Defendant the following:

(a) Issue an order requiring Defendant to restore Bozsa to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Bozsa for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Bozsa's claims as allowable under law;



(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

                                            Respectfully submitted,

                                            */s/ Taurean J. Shattuck*
                                            Taurean J. Shattuck (0097364)
                                            **SPITZ, THE EMPLOYEE'S LAW FIRM**
                                            3 Summit Park Drive, Suite 200
                                            Independence, OH 44131
                                            Phone: (216) 291-4744
                                            Fax:   (216) 291-5744
                                            Email: Taurean.Shattuck@spitzlawfirm.com

                                            *Attorney For Plaintiff*



## JURY DEMAND

Plaintiff Steve Bozsa demands a trial by jury by the maximum number of jurors permitted.

/s/ *Taurean J. Shattuck*
Taurean J. Shattuck (0097364)
**SPITZ, THE EMPLOYEE'S LAW FIRM**



EXHIBIT A